IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CALVIN JAMES,

    Plaintiff,

v.                      CV 421-284

CHATHAM COUNTY JAIL,

    Defendant.

O R D E R

Plaintiff filed this lawsuit while incarcerated at the Federal Correctional Complex in Coleman, Florida regarding his incarceration at the Chatham County Detention Center. (Compl., Doc. No. 1, at 2.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief

may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## I.   BACKGROUND

Plaintiff alleges that while housed in the Chatham County Detention Center, he was detained in segregation for "no reason" for more than several days on two separate occasions. (Doc. No. 1, at 2.) He demands $700,000.00 and injunctive relief in the form of 120 days-suspension for all officers involved in his wrongful confinement and cruel and unusual punishment. (Id.)

## II.  LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction

3

does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

The Chatham County Detention Center is not an entity subject to suit. See Johnson v. Benton, 2021 WL 6750967, at *2 (S.D. Ga. Dec. 20, 2021) (citing Jamelson v. Unnamed Defendant, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017); see also Brannon v. Thomas Cnty. Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not an entity capable of being sued under Georgia law). Appropriate parties for suit under Section 1983 include "persons" who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability). Plaintiff's claim against the Chatham County Detention Center is thus not cognizable.

Even if Plaintiff had named a proper defendant, his conclusory allegations fail to state a claim of cruel and unusual punishment. He offers no details or elaboration as to his injury, but merely demands damages for being placed in segregation. The Court will not infer a constitutional claim based on Plaintiff's bare allegations. See GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise

4

deficient pleading in order to sustain an action . . . .") (internal citations omitted). Thus, although ordinarily a "prisoner must be given an opportunity to amend his Complaint," Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004), amendment here would be futile, and Plaintiff's claim must be dismissed. See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

## IV.  CONCLUSION

For the reasons explained above, Plaintiff has failed to raise any arguably viable claims in his Complaint. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE